UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:

    DOREEN HARRIS,                                                             Chapter 13

                                    Debtor.                       Case No. 09-49370-ess
---------------------------------------------------------------x

**MEMORANDUM DECISION GRANTING IN PART
THE CROSS-MOTION OF NAPCO HOLDINGS LLC**

Appearances:

Jeffrey L. Saltiel, Esq.                                       Doreen Harris
Leslie Perez, Esq.                                             Debtor, *pro se*
Wenig Saltiel LLP
26 Court Street (Suite 502)
Brooklyn, New York 11242
  *Attorneys for Cross-Movant*
  *Napco Holdings LLC*

HONORABLE ELIZABETH S. STONG
UNITED STATES BANKRUPTCY JUDGE

On October 26, 2009, Doreen Harris filed a petition for relief under Chapter 13 of the Bankruptcy Code. The next day, she was evicted from her longtime residence, a one-family house located at 447 Rutland Road, Brooklyn, New York (the "Premises"), pursuant to a judgment of possession and a warrant of eviction obtained by Napco Holdings LLC ("Napco").

In proceeding with the eviction on the day after the Debtor filed her bankruptcy case, Napco relied upon Bankruptcy Code Section 362(b)(22), which was added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). That section and Section 362(l), taken together, provide that unless a debtor certifies that she can cure a monetary default that gave rise to a landlord's prepetition judgment of possession, the automatic stay does not come into effect with respect to the continuation of an eviction or similar proceeding upon the filing of the debtor's bankruptcy case.

This motion requires the Court to consider the relationship among several provisions of BAPCPA that carve out this unusual exception to the immediate and self-executing protections of the automatic stay. Those provisions require a debtor to take several steps at the very beginning of a bankruptcy case in order to secure the protections of the automatic stay and stop an eviction from proceeding. As this case illustrates, if the debtor misses a step, the consequences can be severe.

## Jurisdiction

This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 1334(b), 157(b)(1), and 157(b)(2)(G).

**Background**

This motion arises against the background of the Debtor's acquisition of the Premises in 1965, some 45 years ago, her loss of title to the Premises in a foreclosure action in 1976, almost 35 years ago, her occupancy of the Premises as a tenant from that time until her eviction in 2009, and episodes of litigation in state and federal court and other proceedings in which the Debtor has attempted to regain title to the Premises. These matters include a foreclosure action against the Debtor and a tax foreclosure against a subsequent owner, proceedings in the Housing Part of New York City Civil Court, appeals and applications to the New York Supreme Court's Appellate Division, claims in the U.S. District Court, and the enactment of Chapter 441 of the New York State Laws of 2004 (the "2004 Law") for the Debtor's benefit by the New York State Legislature, as well as applications and an adversary proceeding in this Court.

*The Bankruptcy Case and Adversary Proceeding*

The Debtor filed this Chapter 13 bankruptcy case on October 26, 2009. She certified in her petition that Napco "has a judgment against the debtor for possession of debtor's residence." Petition at 2. The Debtor did not certify, as required by 11 U.S.C. §§ 362(l)(1)(A) and (B), that "under applicable nonbankruptcy law, there are circumstances under which [she] would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered," or that she "has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition." *Id.*

As noted above, the Debtor was evicted from the Premises on the day after she filed her bankruptcy petition. Later that same day, she filed an application for an order to show cause

asking this Court to restore her to ownership and possession of the Premises (the "OSC Application"). The OSC Application cites an "illegal transaction" between Napco and the Department of Housing Preservation and Development ("HPD") and cites the 2004 Law, which the Debtor suggests grants her ownership of the Premises. The OSC Application also states that the Debtor should be restored to possession of the Premises because she was evicted in violation of the automatic stay imposed by 11 U.S.C. § 362(a).

The Court held an initial hearing on the OSC Application on October 29, 2009, and heard the Debtor, the Debtor's son Earl Harris, and counsel for Napco. The Debtor argued that under the 2004 Law, she was the rightful owner of the Premises, and that Napco purchased the Premises from New York City acting through HPD pursuant to a fraudulent deed. The Debtor also argued that she informed the City Marshal of the filing of her bankruptcy petition, and her position that the automatic stay was in effect, and that the marshal proceeded with the eviction in violation of the stay.

Napco submitted the Cross-Motion and a supporting affirmation of counsel, Leslie Perez (the "Perez Affirmation"), at that hearing and filed them on the following day. Napco argued that under Bankruptcy Code Section 362(l)(4), the Debtor's failure to make the required certifications on the petition date meant that Bankruptcy Code Section 362(b)(22) applied immediately. Napco also argued that "[the Debtor] could not make the requisite certification as Napco's judgment is one of possession only and is not based on a monetary default." Perez Affirm. ¶ 40.

That same day, the Court issued an order providing, on consent, that Napco's counsel would advise the Debtor where her possessions were being stored and how to gain access to

them. The Court also set a continued hearing on the OSC Application for November 4, 2009, and permitted the Debtor to file additional submissions in support of the OSC Application, though none were filed. The Court did not direct any other interim relief.

The Court held a continued hearing on the OSC Application on November 4, 2009, and heard the Debtor, the Debtor's son, and counsel for Napco. After the hearing, the Court entered an order noting Napco's consent to pay for storage of the Debtor's possessions through December 27, 2009, and scheduled a further hearing on the OSC Application and a hearing on the Cross-Motion for December 15, 2009.

That same day, the Debtor commenced an adversary proceeding against Napco and HPD. The Debtor seeks findings that the eviction violated the automatic stay, that Napco's deed is fraudulent, and that she is entitled to ownership of the Premises based on the 2004 Law. On November 30, 2009, HPD moved for dismissal or discretionary abstention (the "Motion to Dismiss"). On December 7, 2009, Napco filed an answer. And on January 19, 2010, Napco filed a joinder in the Motion to Dismiss.[1]

On November 12, 2009, the Debtor amended her bankruptcy petition to include the certifications required by Bankruptcy Code Section 362(l)(1)(A) and (B) and submitted a money order for the rent that she certified would become due in the 30 days following the filing of the petition. On December 3, 2009, Napco rejected the rent payment, stating that the payment was

---

[1] The Debtor filed a document styled as a motion in the Adversary Proceeding on November 12, 2009, seeking relief that is substantially similar to the relief sought in the complaint. Napco filed an affirmation in opposition on December 12, 2009. And on December 28, 2009, the Debtor filed a document in the Adversary Proceeding styled "Notice of Claim of Unconstitutionality" arguing that the 2004 Law is constitutional and that she should be restored to ownership and possession of the Premises.

rejected because the Debtor had been evicted. Four days later, Napco returned the money order to the Court.[2]

The Court held further hearings on the OSC Application, the Cross-Motion, and other motions on December 15, 2009, and January 11, 2010, and heard the Debtor, the Debtor's son, and counsel for Napco. The Court also held a hearing on HPD's Motion to Dismiss on January 11, 2010, and heard the Debtor, the Debtor's son, counsel for Napco, and counsel for HPD. The Court marked the OSC Application off the calendar with the Debtor's consent because it seeks the same relief that is requested in the Adversary Proceeding.[3]

*The State Court Proceedings*

Proceedings in New York state court form much of the background and context of the issues before the Court. The Debtor acquired the Premises by deed dated April 16, 1965, and lost title in a foreclosure action eleven years later, in February 1976. *Harris v. Dep't of Hous. Pres. & Dev.*, Index No. 14836/09 (the "Supreme Court Action"), slip op. at 3 (N.Y. Sup. Ct. Nov. 23, 2009). The City of New York acquired title to the Premises from a different owner in an in rem tax foreclosure action seven years later, in 1983.

The Debtor attempted to redeem the Premises from the City of New York in 2004 and

---

[2] On December 14, 2009, the Chapter 13 Trustee filed a motion to dismiss the case. She seeks dismissal on grounds that the Debtor has not filed a Chapter 13 plan, provided disclosures required by the Local Bankruptcy Rules, appeared to be examined at the meeting of creditors, or filed her federal income tax return or transcript for the most recent year, seven days before the first meeting of creditors as required by the Bankruptcy Code and Rules. *Id.* This motion was heard on January 11, 2010, and adjourned to February 22, 2010, at the request of the Chapter 13 Trustee and the Debtor.

[3] The relief sought by the Debtor is also more appropriately sought in an adversary proceeding. *See* FED. R. BANKR. P. 7001(2) and (7).

was successful in having the 2004 Law enacted for her benefit. The 2004 Law gave the Debtor the right to file a discretionary redemption application pursuant to New York City Administrative Code § 11-424(a)(2), which "provides that the City's interest in the property may only be released upon an application by 'a party who had an interest in said property as either owner, mortgagee, lienor or encumbrancer at the time of the [C]ity's acquisition thereof.'" Supreme Court Action, slip op. at 4 (quoting N.Y.C. Admin. Code § 11-424(a)(2)). The Debtor filed a redemption application and that application was denied in May 2005 because a title search revealed that at the time of the 1983 tax foreclosure, she did not own the Premises. Despite the Debtor's loss of title in 1976, and the denial of her redemption application in 2005, the Debtor remained a tenant at the Premises for almost 35 years until her October 2009 eviction, paying rent of $230 per month during that time. *See* Supreme Court Action, slip op. at 3-5.

In March 2006, at the request of HPD, the Premises was designated as an "urban development action area" under New York State's Urban Development Action Area Act.[4] And on June 8, 2006, the City of New York, acting through the HPD, sold the Premises to Napco, as a sponsor of an urban development action area project. The deed required Napco to offer the Debtor a two-year lease through June 2008, at no more than the Debtor's rent of $230, and to offer to sell the Premises to the Debtor at 80 percent of its current appraised value.

After the two-year lease term ended, the Debtor did not vacate the Premises, and Napco commenced a holdover proceeding in Civil Court, Kings County, Housing Part H (the "Housing Court"), Index No. L&T 100420/08 (the "Housing Court Action") to evict the Debtor and recover possession of the Premises. On November 21, 2008, the Debtor and Napco entered into

---

[4] *See* N.Y. GEN. MUN. LAW §§ 690-698.

a stipulation in the Housing Court Action (the "Settlement Stipulation").  As Housing Court

Judge Finkelstein explained:

> This matter was conferenced carefully and at length on November 21, 2008, with
> [the Debtor] accompanied by her son. . . . [The Debtor] was explained her options
> of either settling the case or going to trial.  She was also informed that even if she
> agreed to move by settlement or lost her case at trial, she could still pursue any
> claim of ownership in an appropriate forum and, if successful, regain possession.
> The Court succeeded in bringing about a settlement offer in which [Napco] would
> grant [the Debtor] a six month stay to vacate, which is the maximum stay period
> allowed pursuant to RPAPL Section 753(4), with use and occupancy set at only
> $230.00 per month.  [The Debtor] chose to accept the settlement which was then
> fully allocated and so ordered.

Housing Court Action, slip op. at 1-2 (Civ. Ct. June 12, 2009).  As provided in the Settlement

Stipulation, a warrant of eviction was issued on December 28, 2008, terminating the landlord-

tenant relationship.

In late January 2009, the Debtor defaulted under the Settlement Stipulation and Napco

exercised its right under the stipulation to accelerate the execution of the warrant of eviction.

The Debtor then sought to vacate the warrant by order to show cause.  This led to a second

stipulation, dated February 13, 2009, pursuant to which the Debtor paid the arrears due to Napco

and agreed that the Settlement Stipulation remained in full force and effect.

The Debtor next made two applications for orders to show cause in Housing Court, on

April 27, 2009, and May 26, 2009.  Both were denied.  She also "twice sought stays of the Civil

Court's warrant of eviction from the United States District Court[,] . . . but the federal court, by

orders dated June 3, 2009 and June 25, 2009, denied those requests on the basis that it had no

authority to review final judgments of a state court."[5]  Supreme Court Action, slip op. at 9-10.

---

[5] On May 5, 2008, the Debtor filed an action in the district court against HPD and Napco,
among others.  *See Harris v. Dep't of Hous. Pres. & Dev.*, 2008 WL 3200269 (E.D.N.Y. Aug. 5,

On June 8, 2009, the Debtor sought an order to show cause in Housing Court to extend the stay of eviction and vacate the Settlement Stipulation. That motion was denied, but the Appellate Term granted a temporary restraining order and remanded the matter to the Housing Court. On remand, the Housing Court denied the Debtor's motion, finding that she had not established that any higher court had stayed the eviction or determined the she was the owner of the Premises. But the Housing Court stayed the eviction for an additional 18 days, through June 30, 2009, so that the Debtor could "vacate with dignity and advanced planning . . . ." Housing Court Action, slip op. at 3. The Housing Court also noted that "although [the Debtor] must vacate the [P]remises [after June 30, 2009,] there is nothing stopping her from proceeding on any claim of ownership while she is residing elsewhere." Housing Court Action, slip op. at 2, 3.

On June 23, 2009, the Debtor filed the Supreme Court Action and named Napco, HPD, and Napco's counsel Wenig, Saltiel & Green LLP, among others, as defendants. The Debtor also sought an order to show cause in the Supreme Court seeking vacatur of the Housing Court decision and the Settlement Stipulation and transfer of the Premises to her. In addition, the Debtor requested a temporary restraining order to stay the eviction. Her request for a temporary

---

2008) (the "Federal Action"). The Debtor alleged that HPD secretly sold the Premises to Napco rather than returning it to the Debtor "'as agreed,'" and that there "'was an agreement in place and HPD disregarded the agreement and made [the Debtor] a month to month tenant, then sold the [Premises] to'" Napco. Federal Action, 2008 WL 3200269, at *1 (quoting the Debtor's complaint). The Debtor sought ownership of the Premises and damages for emotional distress, pain and suffering, and discrimination. Federal Action, 2008 WL 3200269, at *1. The Federal Action was dismissed without prejudice on grounds that the Debtor did not state a claim under the Fair Housing Act (the "FHA"), and the court otherwise lacked jurisdiction over the foreclosure and landlord-tenant matters. Federal Action, 2008 WL 3200269, at *2-3. The Debtor filed an amended complaint on September 5, 2008, alleging discrimination under the FHA. Motions to dismiss by HPD and Napco are pending.

restraining order was denied by the Supreme Court, and the Debtor appealed that denial. The Appellate Division granted the Debtor a temporary restraining order and stayed the eviction pending decision on the appeal or the underlying motion in the Supreme Court. On September 8, 2009, the Supreme Court denied all of the Debtor's requests for relief.

That same day, September 8, 2009, the Debtor sought an order to show cause in the Appellate Division for a stay pending appeal. On September 17, 2009, the order to show cause was entered, and the eviction was again temporarily stayed. On October 8, 2009, the Appellate Division vacated the stay of eviction. On October 13, 2009, the Debtor moved for reargument of the Appellate Division's October 8 decision. On October 23, 2009, she moved by order to show cause in the Appellate Division for an order to restore her ownership rights in the Premises, and requested a stay pending the decision on the motion. The Appellate Division entered an order to show cause and scheduled a hearing for November 5, 2009, but denied the Debtor's request for a stay. And on November 20, 2009, the Appellate Division denied the motion for reargument and the relief requested in the October 23 order to show cause.

In the Supreme Court Action, the Debtor seeks vacatur of the Settlement Stipulation, nullification of the deed transferring the Premises to Napco, a declaration that she is the owner of the Premises, and the transfer of the Premises to her. Napco and HPD each moved to dismiss the Supreme Court Action.

On November 23, 2009, the Supreme Court dismissed the action against Napco and HPD, and in so doing found that the "unrefuted documentary evidence" shows that the Debtor "lost title to the [Premises] 33 years ago" so that she "never had standing to seek redemption of the [Premises] from the City since she was not the owner of the [Premises] at the time of the tax

foreclosure on July 28, 1983." Supreme Court Action, slip op. at 12-13. The court concluded that the Debtor did "not demonstrate[] any possible basis for a transfer of ownership of the [Premises] to her." Supreme Court Action, slip op. at 13.

*          *          *

In sum, before she commenced this Chapter 13 bankruptcy case, the Debtor struggled to regain title to and continue her occupancy of the Premises through proceedings in New York City Housing Court, New York Supreme Court, the state appellate courts, and the U.S. District Court. But on the day that she filed her bankruptcy petition, Napco's judgment of possession and warrant of eviction remained in force, unaltered by any of these proceedings. This Court now considers whether Napco's eviction of the Debtor on the day after she filed her bankruptcy petition violated the automatic stay.

## Discussion

The filing of a petition under any chapter of the Bankruptcy Code generally triggers the application of the automatic stay and brings to a halt most actions by creditors against the debtor, including "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]" 11 U.S.C. § 362(a)(3).

The protection of the automatic stay inures to the benefit of both the debtor and creditors. "The automatic stay is a fundamental debtor protection designed to promote equal treatment among creditors and to provide the debtor with a breathing spell from the financial pressures which drove the debtor into bankruptcy." *In re Winer*, 2008 WL 2074091, at *3 (Bankr. E.D.N.Y. May 13, 2008) (citing *E. Refractories Co. v. Forty Eight Insulations Inc.*, 157 F.3d 169, 172 (2d Cir. 1998)). "One of the principal purposes of the automatic stay is to preserve the

property of the debtor's estate for the benefit of all the creditors." *Official Comm. of Unsecured Creds. v. PSS Steamship Co., (In re Prudential Lines Inc.)*, 928 F.2d 565, 573 (2d Cir. 1991).

At the same time, the Bankruptcy Code provides certain exceptions to the application of the automatic stay. Bankruptcy Code Section 362(b) identifies circumstances where "[t]he filing of a petition under sections 301, 302, or 303 . . . does not operate as a stay . . . ." 11 U.S.C. § 362(b). One such exception, added to the Bankruptcy Code by BAPCPA, is set forth at Section 362(b)(22), and provides that, subject to Section 362(l), the filing of a bankruptcy petition does not trigger the protection of the stay with respect to:

> [T]he continuation of any eviction, unlawful detainer action, or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the date of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor . . . .

11 U.S.C. § 362(b)(22).

But Section 362(b)(22) is not the end of the story. Section 362(l) may shield a debtor from the immediate effect of Section 362(b)(22). It provides:

> Except as otherwise provided in this subsection, subsection (b)(22) shall apply on the date that is 30 days after the date on which the bankruptcy petition is filed, if the debtor files with the petition and serves upon the lessor a certification under penalty of perjury that—
>
> (A)   under nonbankruptcy law applicable in the jurisdiction, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after that judgment for possession was entered; and
>
> (B)   the debtor (or an adult dependent of the debtor) has deposited with the clerk of the court, any rent that would become due during the 30-day period after the filing of the bankruptcy petition.

11 U.S.C. § 362(l)(1). As one court observed:

> The automatic stay [will] apply for a 30-day period after the filing of the bankruptcy petition *if* the debtor files with the petition a certification under [Section 362(l)(1)(A)] . . . . A debtor must also deposit with the clerk of the court with the bankruptcy petition any rent that would become due during the 30-day period after the filing of the bankruptcy petition.

*In re Griggsby*, 404 B.R. 83, 87 (Bankr. S.D.N.Y. 2009) (citations omitted).

That is, if an eligible debtor makes the certifications required by Section 362(l)(1) upon the filing of the petition, and deposits the rent that will become due, then a landlord cannot foreclose upon the property for 30 days after the petition is filed. But if the debtor does not make the certifications with her petition, then absent some relief from the court, the filing of the debtor's petition will not operate as a stay of the continuation of the landlord's eviction proceedings. *See In re Winer*, 2008 WL 2074091, at *3-4; *In re Siddon*, 2008 WL 4279587, at *2 (Bankr. M.D.N.C. Sept. 16, 2008) (holding that where the debtor did not make both certifications under Section 362(l)(1)(A) and (B), the debtor's landlord was "not stayed by section 362(a)(3) from the continuation of any eviction, unlawful detainer action or similar action . . .").

Section 362(l)(4) states that Section 362(b)(22) applies *immediately* upon the failure of a debtor to file these certifications:

> If a debtor, in accordance with paragraph (5), indicates on the petition that there was a judgment for possession of the residential rental property in which the debtor resides and does not file a certification under paragraph (1) or (2)—
>
> (A)   subsection (b)(22) shall *apply immediately upon failure to file such certification*, and relief from the stay provided under subsection (a)(3) shall not be required to enable the lessor to complete the process to recover full possession of the property . . . .

11 U.S.C. § 362(l)(4) (emphasis added).

As another court observed, "debtors who wish to avoid the immediate applicability of

12

§ 362(b)(22) must file *with their petition* and serve upon their landlord" the certifications pursuant to this Section. *In re Parker*, 2008 WL 2081536, at *1 (Bankr. D.D.C. May 8, 2008) (emphasis in original).[6] This is because "[t]he automatic stay ought not be a moving target . . . ." *In re Parker*, 2008 WL 2081536, at *3. The court explained:

> In enacting § 362(b)(22) and § 362(l)(4), Congress provided a mechanism under which, from the outset of the case and unless the debtor makes very specific certifications at the time he files his petition, landlords can know with certainty whether or not the stay applies to their continued enforcement of pre-petition judgments for possession of the debtor's residence.

*Id.* And the court found that "there is nothing in § 362 that purports to allow a debtor to amend or supplement his petition 10 days after the petition date in an effort to somehow render § 362(b)(22) retroactively inapplicable." *In re Parker*, 2008 WL 2081536, at *2. As another court found:

> Insofar as section 362(a)(3) is concerned, this court has no authority to grant relief that would, in effect, re-institute that provision and effectively overrule section 362(b)(22). Congress has spoken in sections 362(b)(22) and 362(l) with respect to whether section 362(a)(3) should remain in effect under the facts presented in this case and this court must follow the path charted by Congress.

*In re Siddon*, 2008 WL 4279587, at *2.

Here, the record shows that the City of New York, acting through HPD, sold the Premises to Napco on June 8, 2006. As described above, the deed required Napco to offer the Debtor a two-year lease at no more than the Debtor's current rent of $230. After those two years ended, the Debtor did not vacate the Premises, and Napco brought the Housing Court Action to

---

[6] Sections 362(l)(2) and (3) permit a debtor to avoid the application of Section 362(b)(22), subject to objection by the landlord, if she certifies that she has cured the entire monetary default that gave rise to the judgment of possession. Section 362(l)(4) provides that if the debtor does not make this certification within 30 days after filing the petition, Section 362(b)(22) applies immediately thereafter. 11 U.S.C. § 362(l)(4).

evict her. And on November 21, 2008, the Debtor and Napco stipulated to the entry of a final judgment of possession in favor of Napco.

The record also shows that the Debtor acknowledges this stipulated judgment of possession in her bankruptcy petition, certifying that Napco "has a judgment against the debtor for possession of debtor's residence." Petition at 2. But when she filed for bankruptcy, the Debtor did not make the additional certifications required by Section 362(l)(1), or deposit with the Court the rent that would become due during the 30-day period after the filing of the bankruptcy petition. *Id.*

As a result, by operation of Section 362(b)(22), the filing of the Debtor's bankruptcy petition did not trigger the automatic stay under 11 U.S.C. § 362(a)(3) with respect to Napco's proceeding against the Debtor based on its prepetition judgment for possession of the Premises, and Napco's eviction of the Debtor from the Premises on the day after this bankruptcy case was commenced did not violate the automatic stay.

The record further shows that the Debtor filed an amended petition on November 12, 2009, and made the certifications required by Sections 362(l)(1)(A) and (B).[7] But her amended petition did not operate retroactively to trigger the automatic stay, because Section 362(l)(4) makes clear that if a debtor does not file the certifications, Section 362(b)(22) takes effect immediately. 11 U.S.C. § 362(l)(4). That is, when the Debtor did not file the certifications required by Section 362(l)(1)(A) and (B), the automatic stay did not apply to the continuation of

---

[7] Bankruptcy Rule 1009(a) provides that a voluntary petition may be amended at any time prior to the closing of the case. E.D.N.Y. LBR 1009-1 provides that an amendment is not effective until proof of service of the amendment is filed. The Debtor has not filed proof of service. And in all events, Bankruptcy Rule 1009(a) does not provide that amendments to a bankruptcy petition apply retroactively.

the eviction proceeding. *Id*. And Napco evicted the Debtor on October 27, 2009, more than two weeks before the Debtor amended her bankruptcy petition. As a result, the Debtor has not established grounds to impose the automatic stay retroactively to the date that she filed her bankruptcy petition.

And even if the Debtor had made the certifications required by Section 362(l)(1)(A) and (B) when she initially filed her bankruptcy petition, as opposed to more than two weeks later, this fact, without more, would not alter the Court's conclusion that Section 362(b)(22) applied upon the filing of the petition. Section 362(l) does not protect a debtor from the operation of Section 362(b)(22) when a landlord's underlying judgment of possession is based on a non-monetary default. As the court in *In re Griggsby* found, "[w]ith respect to § 362(l), Congress's focus was clearly upon allowing the stay to be reinstated if state law permits a cure of a monetary default; no mention is made of a non-monetary default." 404 B.R. 83 at 90. *See In re Alberts*, 381 B.R. 171, 177 n.5 (Bankr. W.D. Pa. 2008) ("Section 362(l) of the Code operates as a safe harbour precluding the termination of the stay in instances where . . . the judgment for possession was obtained as a result of monetary defaults of the debtor. . . .").

If a debtor cannot cure a monetary default giving rise to the judgment of possession, then she cannot certify that "there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession . . . ." 11 U.S.C. § 362(l)(1)(A). As a result, Section 362(l)'s "safe harbor" does not provide relief where the default that gave rise to the judgment of possession is a non-monetary default, as opposed to a default that can be cured by the payment of money.

Here, Napco obtained a stipulated judgment of possession before the Debtor filed her

15

bankruptcy case. That judgment arose from the Debtor's continued occupancy of the Premises as a holdover tenant after her right of occupancy expired, not from her nonpayment of rent. That is, Napco's prepetition judgment of possession does not arise from a "monetary default" that can be cured by the payment of money. *See* 11 U.S.C. § 362(l)(1).

## **Conclusion**

For the reasons stated herein, and based on the entire record, the Cross-Motion is granted in part to the extent that the Court finds that Napco's eviction of the Debtor on the day after she filed this bankruptcy case did not violate the automatic stay. All other requests for relief are denied without prejudice as moot. An order in conformity with this Memorandum Decision shall be entered simultaneously herewith.

Dated: Brooklyn, New York
      February *19*, 2010

                                      *s/ Elizabeth S. Stong*
                                      HONORABLE ELIZABETH S. STONG
                                      UNITED STATES BANKRUPTCY JUDGE

Service List:

Doreen Harris
163-29 130th Avenue
Apt. 2E
Jamaica, NY 11434

Leslie Perez, Esq.
Wenig Saltiel LLP
26 Court Street, Suite 502
Brooklyn, NY 11242

Hugh H Shull, III
Office of Corporation Counsel for
the City of New York
100 Church Street Room 5-233
New York, NY 10007